STEFANI E. SHANBERG (State Bar No. 206717)
JOHN P. FLYNN (State Bar No. 141094)
JENNIFER J. SCHMIDT (State Bar No. 295579)
EUGENE MARDER (State Bar No. 275762)
MADELEINE E. GREENE (State Bar No. 263120)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California  94105
Telephone:     (415) 947-2000
Facsimile:     (415) 947-2099
E-Mail:        sshanberg@wsgr.com
               jflynn@wsgr.com
               jschmidt@wsgr.com
               emarder@wsgr.com
               mgreene@wsgr.com

Attorneys for Plaintiffs
SEBASTIEN LAGREE AND
SPX FITNESS, INC. D.B.A
LAGREE FITNESS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIEN LAGREE AND SPX FITNESS, INC. D.B.A LAGREE FITNESS, <br><br> Plaintiffs, <br><br> v. <br><br> SPARTACUS 20TH LP (NV) D.B.A. BODYROK, SPARTACUS 20TH PROPERTIES, L.P.,  SPARTACUS 20TH PROPERTIES G.P., INC., PHILIP R. PALUMBO, JAKOB IRION, BODYROK FRANCHISE, L.P., BODYROK FRANCHISE G.P., INC., EXERCISE TECHNOLOGIES, L.P., SCULPT FITNESS BERKELEY, LLC, AND DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR BUSINESS PRACTICES, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Sebastien Lagree ("Lagree") and SPX Fitness, Inc. d.b.a. Lagree Fitness (collectively, "Plaintiffs" or "Lagree Fitness") hereby allege for their complaint against Defendants Spartacus 20th LP (NV) d.b.a. BodyRok, Spartacus 20th Properties, L.P., and

COMPLAINT

Spartacus 20th Properties G.P., Inc. (collectively, "Spartacus"), BodyROK Franchise, L.P., BodyROK Franchise G.P., Inc., (collectively, the "BodyRok franchisors"), Exercise Technologies, L.P., ("Exercise Technologies"), Philip R. Palumbo ("Palumbo"), Jakob Irion  ("Irion"), Sculpt Fitness Berkeley, LLC ("BodyRok Berkeley"), and Does 1 through 10, inclusive, (collectively, "Defendants" or "BodyRok"), on personal knowledge as to their own activities and on information and belief as to the activities of others, as follows:

## NATURE OF THIS ACTION

1.      This is an action for judgment of patent infringement of a United States patent pursuant to the United States Patent Laws, 35 U.S.C. § 100 *et seq.*, trade dress infringement pursuant to the Trademark Act of July 5, 1946 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, unfair business practices and unfair competition pursuant to California Business and Professions Code § 17200, *et seq.*, and unfair competition pursuant to California common law, and for such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq*.

3.      This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, as the facts underlying the state law claims are so related to the patent and trade dress claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as this is a judicial district in which a substantial part of the events giving rise to the claims occurred, including that the unlicensed fitness studios are imminently set to open in this judicial district.

## PARTIES

5.      Sebastien Lagree is an individual residing in Los Angeles County, California.

6.      SPX Fitness, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 3098 North California Street, Burbank,

COMPLAINT                                    - 2 -

California 91504.

7. On information and belief, Spartacus 20th L.P. is a Nevada limited partnership with its principal place of business at 1900 Western Avenue, Las Vegas, Nevada 89021 that does business as BodyRok.

8. On information and belief, Spartacus 20th Properties, L.P. is a Nevada limited partnership with its principal place of business at 1900 Western Avenue, Las Vegas, Nevada 89021 that owns the property at 3585 20th Street, San Francisco, California 94110 where "BodyRok Mission" is to be located.

9. On information and belief, the general partner of Spartacus 20th Properties, L.P. is Spartacus 20th Properties G.P., Inc., a Nevada corporation with its principal place of business at 1900 Western Avenue, Las Vegas, Nevada 89021.

10. On information and belief, BodyROK Franchise, L.P. is a Missouri limited partnership with its principal place of business at 2269 Chestnut St., Ste. 388, San Francisco, California 94123.

11. On information and belief, the general partner of BodyROK Franchise, L.P. is BodyROK Franchise GP, Inc., a Missouri corporation with its principal place of business at 2269 Chestnut St., Ste. 388, San Francisco, California 94123.

12. On information and belief, Exercise Technologies, L.P. is a Missouri limited partnership with its principal place of business at 2269 Chestnut St., Ste. 388, San Francisco, California 94123.

13. On information and belief, Philip R. Palumbo is an individual located in San Diego County, California and is President of Spartacus 20th Properties G.P., Inc.

14. On information and belief, Jakob Irion is an individual located at 842 Bay Street, San Francisco, California 94109 and is Treasurer and Director of Spartacus 20th Properties G.P., Inc.

15. On information and belief, Sculpt Fitness Berkeley, LLC is a California limited liability company registered by Caroline Johnson with a principal place of business at 3126A Laguna Street, San Francisco, California 94123 that leases property at 1601 University Avenue,

COMPLAINT                                              - 3 -

Berkeley, California 94703 where BodyRok Berkeley is to be located.

16.     Plaintiffs are without full information regarding the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive.  Plaintiffs will amend to allege their true names and capacities when ascertained.  On information and belief, Defendants have intentionally obfuscated their identities and corporate structure in order to avoid accountability for the very allegations contained herein, and, as such, Plaintiffs have included the responsible parties in their individual capacities, as well as the identifiable entities, and Does 1 through 10, inclusive.

## BACKGROUND

## SEBASTIEN LAGREE AND LAGREE FITNESS

17.     Lagree Fitness was founded by Sebastien Lagree in 2001, in Burbank, California.

18.     Lagree began weight training at the age of thirteen and has had a life-long passion for fitness.

19.     At 23, Lagree obtained his MBA from Seattle University, after which he ventured to Los Angeles to pursue a career in the entertainment industry.

20.     In Los Angeles, Lagree was often asked to provide personal training services.  Though he had never before considered a career in personal training, his personal training career took off almost immediately.  He later received advanced certifications in weight training and Pilates.  Lagree became addicted to helping his growing roster of clients transform their lives, their bodies, and their perspectives about themselves.  His methods focused on elements of traditional Pilates with the addition of weight training and cardio.  As he progressed with his clients, Lagree soon became aware of the limitations inherent in the physical fitness methods he was employing.

21.     Lagree explains that he "had a deep burning desire to add something new to the mix of personal training—a workout that would create beautiful physiques, with more precision and speed, in less time and that would free my clients from becoming a slave to the workout.  A workout that was a one stop shop of the rejuvenating properties of Pilates, the strength building impact of weights, and the revitalizing effects of extreme cardio." (http://www.sebastienlagree.com).  Thus, Lagree Fitness and the "Lagree Method" were born.

22.     Lagree began dreaming up, sketching, conceiving, and reinventing a new and

COMPLAINT                                    - 4 -

unique exercise machine and a method of using it.  People told him that he was crazy, that it would cost way too much to prototype a new machine, and that he should just find a way to work with what was already there.  Lagree was nonetheless convinced that his emerging method, and the science behind it, could revolutionize fitness, but it was absolutely mandatory that he create his own machine.  Lagree maxed out fifteen credit cards to pay $150,000 for the first prototype of his unique exercise machine—the Proformer.

23.    Today, Lagree is an accomplished inventor and entrepreneur.  He has five issued patents, over a dozen pending patent applications, and trade dress that he has filed to register among other intellectual property rights.

24.    Lagree has built a fitness empire, selling thousands of Lagree Fitness machines costing approximately $7,000 each to more than 300 licensed studios worldwide.

25.    Lagree continues to spend his days tinkering and innovating.  Using cutting-edge fitness science, Lagree developed the successor to the Proformer, a machine called the Megaformer.  There are four models of the Megaformer, including the M2, M2S, M3, and M3S.  The future will bring the Supraformer.  Beyond that, Lagree's fitness technology lab is constantly engineering and developing state-of-the-art concept equipment.  A photograph of a Lagree Fitness Megaformer M3 is below.



26.    Megaformers are designed for and sold or leased exclusively for use in the Lagree Method (which involves unique exercises bearing names such as Catfish, French Twist, Teaser, Snake, Ice Breaker, Scrambled Eggs, and Spoon).

27.     Lagree Fitness provides instructor certification work-shops at its Burbank, California, headquarters.  The work-shops include lectures on the science behind the Lagree Method, including stabilization, breathing, alignment, and proper muscle recruitment, as well as providing detailed instruction related to each generation of the Lagree Fitness machine.  Aspiring Lagree Fitness instructors are also granted exclusive access to extensive copyrighted training tools and materials available via a login for credentialed users at www.lagreefitness.com.

28.     As a result of its innovative approach and the results users enjoy, the Lagree Method and the Megaformers on which it is performed have achieved overwhelming commercial success and have developed what the New York Times describes as a "cult following." Thousands of similar testimonials can be found online.  But this one says it all:

> This workout has changed my life. I will never own a 'regular' gym membership again.  I love the workout the Lagree Method gives me and it only take 45 minutes of my day!  I find it very personal only having 8-12 machines and the studio builds a sense of community; often seeing the same people. …  I've been doing the Lagree Method for a little over a year and I find my body is leaner and much stronger.  Lagree Fitness in my opinion is definitely worth the price! (http://msmodify.com/lagree-fitness-overview-review).

29.     Lagree Fitness licenses studios by territory.  Lagree Fitness currently has 160 licensees operating over 300 studios worldwide and is growing rapidly.  While the licensed studios vary significantly from one another, they all share one common thread—Lagree Fitness machines.

### THE ASSERTED LAGREE PATENT

30.     On July 5, 2015, the U.S. Patent and Trademark Office issued U.S. Patent No. 9,072,931 ("the '931 patent" or the "Lagree patent"), entitled "Exercise Machine Carriage System," to named inventor Sebastien Lagree.  SPX Fitness, Inc. is the assignee of the '931 patent and is the owner of all right, title, and interest in and to the '931 patent with the full and exclusive right to bring suit to enforce it, including the right to recover for past infringement.  The Megaformer practices the '931 patent.  A true and correct copy of the '931 patent is attached hereto as Exhibit 1.

### THE ASSERTED MEGAFORMER TRADE DRESS

31.     Lagree Fitness has acquired trade dress protection in the unique design and appearance of the Lagree Fitness Megaformer.  Lagree is also the owner of two pending

COMPLAINT                                    - 6 -

applications for trade dress protection from the U.S. Patent and Trademark Office.   The applications cover the design of certain non-functional and distinctive aspects of the Lagree Fitness Megaformer, Application Serial Nos. 86,416,316 and 86,420,334 ("Lagree trade dress applications").   The opposition period for both applications has closed with no opposition. Registration of the applications is expected in early 2016.

32.   The product configuration trade dress owned by Lagree Fitness ("Lagree Megaformer Trade Dress") encompasses not only those aspects subject to the pending Lagree trade dress applications, but also the black carriage and platform, and the other non-functional, distinctive elements comprising the sleek design that has become known as the hallmark of the Lagree Fitness Megaformer.

33.   For example, the Lagree Megaformer Trade Dress includes, but is not limited to, the following images and non-functional elements of the Lagree Fitness Megaformer Trade Dress that appear in the Lagree trade dress applications, describing a machine having:

 

two platforms and a carriage; the top and bottom of the middle sliding carriage and the front and back stationary platforms having edges which are non-perpendicular to the sides, the inwardly tapering lateral sides of the middle sliding carriage, the side edges of the middle sliding carriage and the front and back stationary platforms substantially overhanging over the rails;

rounded edges of the top and bottom of the middle sliding carriage, the inwardly angled lateral sides of the middle sliding carriage, and the side edges of the middle sliding carriage, substantially overhanging over the rails.

34.   These elements of the Lagree Megaformer Trade Dress are inherently distinctive and serve to identify Lagree Fitness as the source of the Megaformer.   Lagree Fitness has made substantial sales in the United States of exercise machines practicing the Lagree Megaformer

COMPLAINT                               - 7 -

Trade Dress.

35.    As a result of longstanding and widespread commercial use and success, the public has come to recognize the shape and design of the Lagree Megaformer Trade Dress, which is nonfunctional and distinctive, and to associate it with a single source, namely, Lagree Fitness.

**BODYROK**

36.    BodyRok is a current licensee of Lagree Fitness for *certain territories* and operates two licensed Lagree Fitness studios:  BodyRok Marina and BodyRok Carlsbad.

37.    On information and belief, Caroline Johnson, the proprietor of the intended BodyRok Berkeley studio is an instructor at BodyRok Marina.

38.    On information and belief, BodyRok knows or should know that it needs a license from Lagree Fitness to operate a Lagree Fitness studio utilizing Lagree Fitness's patented and trade dress protected machines and the methods that go along with them.

39.    On information and belief, Palumbo and Irion have long threatened to cease payments to Lagree Fitness, copy Lagree Fitness's machines, and open unlicensed studios.

40.    On information and belief, BodyRok is making good on that threat and intends to imminently open an unlicensed studio in San Francisco's Mission District—a territory BodyRok knows belongs to another Lagree Fitness licensee—and in Berkeley, California.

41.    By way of history, in 2011, Lagree Fitness entered into two licensing agreements which granted BodyRok Carlsbad and BodyRok Marina the right to operate studios in the 92009 zip code of Carlsbad, California, and in the 94123 zip code of San Francisco, California, respectively.  Lagree Fitness also leased machines to BodyRok Marina.  BodyRok's Carlsbad and Marina locations opened and continue to operate in each of the 92009 and 94123 zip codes.  On information and belief, both studios teach the Lagree Method on Megaformer M2s.

42.    Also in 2011, Lagree Fitness and The Ark Holdings L.P., an earlier limited partnership in which Palumbo was a member, entered into a license agreement that granted the exclusive right to operate Lagree Fitness studios in Walnut Creek and Danville, California.  No licensed Lagree Fitness studio was opened, and, on March 10, 2014, the licensing agreement entered between Lagree Fitness, The Ark Holdings L.P., and Palumbo was terminated with Lagree

COMPLAINT                                                         - 8 -

Fitness refunding the license fee.

43. On information and belief, on March 19, 2014, just days after Lagree Fitness refunded the Walnut Creek and Danville license fee, Palumbo's Spartacus 20th Properties L.P. purchased a building located at 3585 20th Street, San Francisco, California 94110. On information and belief, this building was and is intended to become the third BodyRok fitness studio— BodyRok Mission. Unlike the first two BodyRok studios, BodyRok Mission is unlicensed.

44. On information and belief, BodyRok Mission will teach the Lagree Method on machines that are infringing imitations of Lagree Fitness's patented and trade dress protected Megaformer M3 model machines. On information and belief, a Megaformer M3 was obtained from another Lagree Fitness licensee with access to the Megaformer M3 for the express purpose of copying it for use at BodyRok Mission. The BodyRok copycat machine is hereinafter referred to as the "BodyRok machine."

45. On information and belief, Palumbo and Irion, through Exercise Technologies, or various other shell companies, are attempting to license or sell the BodyRok machine.

46. On information and belief, Palumbo and Irion, through the BodyRok franchisors, are also actively attempting to sell studio franchises. On information and belief, BodyRok Berkeley is the first such franchise, at which the infringing BodyRok machines will also be used.

47. Photographs of BodyRok Mission are included below for illustration. The two photographs, taken on different recent days, each show a patented and trade dress protected Megaformer M3, left, next to the BodyRok machine, right, at the construction site.

 

48.     The following excerpts from Facebook and LinkedIn demonstrate the imminence of the openings of BodyRok in the Mission and Berkeley.  *See* www.facebook.com/BodyROKSF, www.facebook.com/Cjohnson622, www.linkedin.com/pub/caroline-johnson/5/20b/943.





49.     Communications between Lagree and Palumbo dating back to 2011 provide notice of Lagree's first patent, U.S. Patent No. 7,803,095, and a pending "Megaformer" application. Lagree Fitness further marks its machines and marks its website with its patent numbers. (http://www.lagreefitness.com/patents/).

50.     On information and belief, Palumbo and Irion knowingly and intentionally copied the Megaformer M3 and intend to use the BodyRok machines, which, as detailed below, willfully infringe the '931 patent and the Lagree Megaformer Trade Dress.

51.     On information and belief, BodyRok willfully infringes the Lagree patent with an imitation machine in an ongoing attempt to cause confusion or mistake or to deceive consumers into believing that the BodyRok machine is associated with Lagree Fitness and to trade upon the goodwill Lagree Fitness has developed in its patented and trade dress protected Megaformers.

52.     On information and belief, BodyRok intentionally conflates the licensed BodyRok Carlsbad and BodyRok Marina studios, which use the patented and trade dress protected Lagree Fitness Megaformers, with its unlicensed BodyRok Mission location and its future franchisees,

including the BodyRok Berkeley location, which use or will use the BodyRok machine. On information and belief, BodyRok does this in an attempt to confuse and deceive consumers into believing that the BodyRok machine is associated with the patented Lagree Fitness Megaformer. For example, BodyRok promotes its use of the patented and trade dress protected Lagree Fitness Megaformer by describing *all* BodyRok studios as "[f]ollowing the SPX Fitness philosophy, which combines core-focused strength training and cardio *on the Megaformer resistance machine*." *See* marina.bodyrokstudios.com/workout; *see also* carlsbad.bodyrokstudios.com/workout (emphasis added). As a further example, BodyRok makes no distinction in its Franchise Disclosure Statement between the licensed BodyRok Carlsbad and BodyRok Marina locations, the unlicensed BodyRok Mission location, and the proposed BodyRok franchises, including BodyRok Berkeley.

53. On information and belief, BodyRok intentionally promotes the unlicensed studios as being affiliated with the products and practices of the licensed BodyRok Carlsbad and BodyRok Marina studios using the patented and trade dress protected Lagree Fitness Megaformers. Examples of such promotion can be found at www.facebook.com/BodyROKSF, twitter.com/bodyrokstudio, instagram.com/bodyrokstudio, marina.bodyrok.com/blog, and www.facebook.com/Cjohnson622. This promotion is likely to confuse consumers, causing them to believe that the BodyRok machine is associated with the Lagree Fitness Megaformer. Further, on information and belief, the BodyRok machine is likely to continue to cause consumer confusion, mistake, and deception as to its source or origin due to the fact that BodyRok intends to use it to teach the Lagree Method.

54. Lagree Fitness's goodwill among consumers is uniquely tied to the design of its patented and trade dress protected Megaformer, including the Megaformer M3. BodyRok's infringement of Lagree Fitness's intellectual property allows BodyRok to trade-on and benefit from Lagree Fitness's investment in its technology, and it threatens to substantially diminish the goodwill that Lagree Fitness has developed with its licensees and with consumers.

55. BodyRok's willful infringement of the Lagree patent and Lagree Megaformer Trade Dress and passing off the infringing BodyRok machines as affiliated with, endorsed by, or

COMPLAINT                                           - 11 -

related to the patented Lagree Fitness Megaformer has damaged Lagree Fitness. Unless BodyRok is temporarily, preliminarily, and permanently enjoined, BodyRok will further damage and irreparably injure Lagree Fitness and the goodwill it has built. Further, the public has an interest in being free from such deception, confusion, and/or mistake in the marketplace.

## FIRST CAUSE OF ACTION: INFRINGEMENT OF U.S. PATENT NO. 9,072,931

56. Lagree Fitness realleges and incorporates by reference paragraphs 1-55 of this Complaint, inclusive, as if fully set forth herein.

57. On information and belief, BodyRok has been and is now infringing, directly and indirectly and literally and by the doctrine of equivalents, the '931 patent by manufacturing, having made, using, marketing, importing, selling, and/or offering to sell the BodyRok machine which is covered by one or more claims of the '931 patent. For example, the BodyRok machine is covered by representative claims 1, 12, and 15 of the '931 patent. BodyRok's infringing acts include, but are not limited to, manufacturing and marketing the BodyRok machine, which is a copy of the Megaformer M3 and covered by the '931 patent, in violation of 35 U.S.C. § 271.

58. On information and belief, BodyRok's past and continuing infringement of the '931 patent has been deliberate and willful. On further information and belief, BodyRok has actual knowledge of the '931 patent. On information and belief, BodyRok had actual knowledge since on or about the issuance of the '931 patent as a result of BodyRok's existing licensing agreements with Lagree Fitness, communications with Lagree Fitness and its licensees, marking by Lagree Fitness, press regarding Lagree Fitness and its patent position, and familiarity with patented Lagree Fitness products. BodyRok has knowingly and deliberately infringed and continues to infringe the '931 patent through the manufacture, use, marketing, importation, and sale of the BodyRok machine despite such actual and constructive notice of Lagree Fitness's rights to the '931 patent prior to the manufacture and use of the infringing product.

59. On information and belief, BodyRok induces others to infringe the '931 patent by providing and offering to provide the BodyRok machine to franchisees and customers and encouraging the infringing use of such product that is covered by one or more claims of the '931 patent. On information and belief, BodyRok offers to provide the BodyRok machine without any

COMPLAINT                                          - 12 -

reasonable basis to believe the use of such product by customers will not constitute direct infringement of one or more valid claims of the '931 patent, and despite having actual and constructive notice of Lagree Fitness's rights to the '931 patent prior to the manufacture and use of the BodyRok machine.

60.     On information and belief, BodyRok contributes to the infringement of one of more claims of the '931 patent by providing and offering to provide the BodyRok machine for use by customers containing components that necessarily infringe the '931 patent and despite actual and constructive notice of Lagree Fitness's rights to the '931 patent prior to the manufacture and use of the BodyRok machine.  There is no substantial noninfringing use of the BodyRok machine or its components.

61.     Lagree Fitness has been, and will continue to be, damaged by BodyRok's past and continuing willful infringement of the '931 patent in an amount to be proven at trial.

62.     On information and belief, BodyRok will continue to infringe the '931 patent, in deliberate, knowing, and wanton disregard of Lagree Fitness's patent rights and to Lagree Fitness's irreparable damage, unless and until temporarily, preliminarily, and permanently enjoined by this Court.

**SECOND CAUSE OF ACTION: TRADE DRESS INFRINGEMENT**

63.     Lagree Fitness realleges and incorporates by reference paragraphs 1-62 of this Complaint, inclusive, as if fully set forth herein.

64.     Lagree Fitness is the owner of all right and title to the distinctive Lagree Megaformer Trade Dress.  The Lagree Megaformer Trade Dress, as embodied in the Lagree Megaformer and all of its iterations, is not functional and is inherently distinctive.  In addition, the Lagree Megaformer Trade Dress enjoys secondary meaning among consumers, identifying Lagree Fitness as the source of the Megaformers, as evidenced at least by its place in the market and by BodyRok's intentional copying of the Megaformer M3.

65.     Extensive sales and use of products with the distinctive Lagree Megaformer Trade Dress have resulted in Lagree Fitness's acquisition of valuable, legally protected rights in the Lagree Megaformer Trade Dress, as well as considerable consumer goodwill.

COMPLAINT                                                    - 13 -

66.    BodyRok, with its copycat BodyRok machine, has misappropriated the Lagree Megaformer Trade Dress by copying that trade dress in violation of 15 U.S.C. §1125(a).

67.    BodyRok's manufacturing, promotion, and use of the BodyRok machine with a design that copies the Lagree Megaformer Trade Dress is likely to cause confusion or mistake, or to deceive the consumer as to the affiliation, connection, or association of the BodyRok machine with Lagree Fitness, or to the origin, sponsorship, or approval by Lagree Fitness of BodyRok's Mission and Berkeley studios, goods, and services.

68.    BodyRok's manufacture, promotion, and use of the BodyRok machine with a product design that copies the Lagree Megaformer Trade Dress enables BodyRok to benefit unfairly from Lagree Fitness's reputation and success.

69.    BodyRok's past and continuing infringement of the Lagree Megaformer Trade Dress has been deliberate and willful.  On information and belief, BodyRok knew of the Lagree Megaformer Trade Dress when they designed the BodyRok machine as a result of BodyRok's existing licensing agreements with Lagree Fitness, communications with Lagree Fitness and its licensees, press regarding Lagree Fitness and its products and methods, and familiarity with the protected Lagree Fitness products and consumer recognition of the same.

70.    Lagree Fitness has been, and will continue to be, damaged by BodyRok's past and continuing willful infringement of the Lagree Megaformer Trade Dress in an amount to be proven at trial.

71.    On information and belief, BodyRok will continue to infringe the Lagree Megaformer Trade Dress, in deliberate, knowing, and wanton disregard of Lagree Fitness's rights and to Lagree Fitness's irreparable damage, unless and until temporarily, preliminarily, and permanently enjoined by this Court.

## THIRD CAUSE OF ACTION: UNFAIR BUSINESS PRACTICES
### (California Business and Professions Code § 17200, *et seq.*)

72.    Lagree Fitness realleges and incorporates by reference paragraphs 1-71 of this Complaint, inclusive, as if fully set forth herein.

73.    The above-described acts and practices by BodyRok are likely to mislead or

COMPLAINT                                            - 14 -

deceive the general public and therefore constitute unfair competition, including unlawful, unfair, and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, *et seq*.

74.    BodyRok acted willfully and intentionally in designing, manufacturing, and promoting the infringing BodyRok machine for use in the unlicensed BodyRok Mission and Berkeley studios, with full knowledge of Lagree Fitness's prior rights in the asserted Lagree patent the distinctive Lagree Megaformer Trade Dress, with intent to cause confusion or mistake or to deceive consumers into believing that there is an affiliation between the BodyRok machines and the Lagree Megaformers.

75.    Lagree Fitness has been, and will continue to be, damaged by BodyRok's past and continuing acts of unfair competition.

76.    On information and belief, BodyRok will continue its unfair business practices, in deliberate, knowing, and wanton disregard of Lagree Fitness's rights and to Lagree Fitness's irreparable damage, unless and until temporarily, preliminarily, and permanently enjoined by this Court.

77.    BodyRok should be required to restore to Lagree Fitness any and all profits earned as a result of its unlawful, unfair, and fraudulent business practices, or provide Lagree Fitness with any other restitutionary relief as the Court deems appropriate.

**FOURTH CAUSE OF ACTION: UNFAIR COMPETITION**

**(California Common Law)**

78.    Lagree Fitness realleges and incorporates by reference paragraphs 1-77 of this Complaint, inclusive, as if fully set forth herein.

79.    Lagree Fitness has established considerable consumer goodwill through extensive sales and use of its patented and trade dress protected Lagree Fitness Megaformer.

80.    BodyRok intended to, and did, misrepresent or falsely imply that the infringing BodyRok machine is made by, endorsed by, or in some way affiliated with Lagree Fitness in violation of common law prohibiting passing off of one's goods or services as those of another.

81.    The above-described misrepresentations and/or false implications by BodyRok are

COMPLAINT                                      - 15 -

likely to cause, and have caused, confusion or mistake or to deceive consumers into believing that there is an affiliation or relationship between the BodyRok machine and the Lagree Megaformer and/or an endorsement by Lagree Fitness.

82.     Lagree Fitness has been, and will continue to be, damaged by BodyRok's past and continuing acts of unfair competition.  For example, as a direct and proximate result of BodyRok's wrongful acts, Lagree Fitness has suffered and continues to suffer damage to its business reputation and goodwill.

83.     On information and belief, BodyRok will continue its unfair competition, in deliberate, knowing, and wanton disregard of Lagree Fitness's rights and to Lagree Fitness's irreparable damage, unless and until temporarily, preliminarily, and permanently enjoined by this Court.

84.     BodyRok should be required to restore to Lagree Fitness any and all profits earned as a result of its wrongful acts, or provide Lagree Fitness with any other restitutionary relief as the Court deems appropriate.

85.     Because of the willful nature of the BodyRok's wrongful acts, Lagree Fitness is entitled to an award of punitive damages, attorneys' fees, and costs under the common law.

## **PRAYER FOR RELIEF**

WHEREFORE, Lagree Fitness prays for judgment as follows:

(a)     A judgment that the claims of the '931 patent are valid and enforceable, and that BodyRok has infringed one or more claims of the '931 patent;

(b)     A judgment that the Lagree Megaformer Trade Dress is protectable and infringed by BodyRok;

(c)     An order and judgment temporarily, preliminarily, and permanently enjoining BodyRok, and its officers, agents, affiliates, franchisees, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, from:  further acts of infringement of the '931 patent or of the Lagree Megaformer Trade Dress; using any other product design similar to or likely to cause confusion with the Lagree Megaformer Trade Dress; using any false designation of origin or false description that can, or is likely to, lead the consuming public,

or individual members thereof, to believe that any goods produced, advertised, promoted, marketed, provided, or sold by BodyRok outside of its two licensed studios are in any manner associated or connected with the Lagree Megaformer or Lagree Fitness, or are advertised, promoted, marketed, sold, licensed, sponsored, approved, or authorized by Lagree Fitness; committing any other unfair business practices directed toward obtaining for themselves the business and customers of Lagree Fitness or its licensees; and committing any other unfair business practices directed toward devaluing or diminishing Lagree Fitness's brand or business;

(d)     A judgment awarding Lagree Fitness compensatory damages for BodyRok's acts of infringement, together with interest thereon, such amount to be trebled pursuant to 35 U.S.C. § 284 because this is an exceptional case in view of the willful and deliberate nature of BodyRok's acts;

(e)     A judgment awarding punitive damages pursuant to California Civil Code § 3294;

(f)     A judgment awarding restitutionary relief against BodyRok and in favor of Lagree Fitness, including disgorgement of wrongfully obtained profits and any other appropriate relief;

(g)     A judgment awarding Lagree Fitness its costs incurred in this action, disbursements, and attorneys' fees, to the extent permitted by law; and

(h)     A judgment granting such other and further relief as this Court may deem just and proper.

Dated:  October 5, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:_____/s/ *Stefani E. Shanberg*_____
                Stefani E. Shanberg

Attorneys for Plaintiffs
SEBASTIEN LAGREE
AND SPX FITNESS, INC.

COMPLAINT                                    - 17 -

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Lagree Fitness demands a trial by jury on all issues so triable.


Dated:  October 5, 2015                           WILSON SONSINI GOODRICH & ROSATI
                                                  Professional Corporation


                                                  By:_____/s/ *Stefani E. Shanberg*_____
                                                                    Stefani E. Shanberg

                                                  Attorneys for Plaintiffs
                                                  SEBASTIEN LAGREE
                                                  AND SPX FITNESS, INC.

COMPLAINT                                  - 18 -