UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIEN LAGREE, et al., | Case No. 15-cv-04592-JST |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR ATTORNEYS' FEES** |
| SPARTACUS 20TH LP (NV), et al., | Re: ECF No. 45 |
| Defendants. | |

Before the Court is Defendants' Motion for Attorneys' Fees.  ECF No. 45.  The Court will deny the motion.

On October 5, 2015, Plaintiffs filed a complaint against Defendants, asserting claims for patent infringement, trade dress infringement, unfair business practices, and unfair competition. ECF No. 1.  On March 23, 2016, Defendants filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  ECF No. 41.  On April 7, 2016, Defendants' filed the present Motion for Attorneys' Fees, ECF No. 45.

Defendants seek attorneys' fees under the Patent and Lanham Acts, as well as pursuant to the Court's inherent authority to award attorneys' fees.[1]  ECF No. 45-1 at 12–17.  Under both the Patent and Lanham Acts, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285; 15 U.S.C. § 1117(a).  However, Defendants cite no authority for the proposition that a defendant should be deemed a "prevailing party" where a plaintiff files a notice of voluntary dismissal without prejudice.[2]  See ECF No. 45-1 at 10–12.  The

---

[1] Although Defendants initially sought attorneys' fees under Rule 11, the parties subsequently stipulated that Defendants would withdraw the motion with respect to Rule 11 fees.  ECF No. 60.

[2] While Defendants cite Maljack Prods., Inc. v. Palisades Entm't, No. 94-cv-7693-LGB, 1995 WL 779154, at *1 (C.D. Cal. June 23, 1995) for the proposition that the voluntary dismissal of a

Court is likewise aware of no such authority.  See Cadkin v. Loose, 569 F.3d 1142, 1149 (9th Cir. 2009) (holding that voluntary dismissal of copyright claims did not render defendant a "prevailing party" for purposes of attorneys' fees under the Copyright Act); RFR Indus., Inc. v. Century Steps, Inc., 477 F.3d 1348, 1353 (Fed. Cir. 2007) (holding "that a plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) does not bestow 'prevailing party' status upon the defendant.").  Accordingly, the Court denies Defendants' motion for attorneys' fees under the Patent and Lanham Acts.

Because "Defendants have not demonstrated that they have satisfied the lower bar for sanctions under the Patent Act, the Court also concludes that Defendants have not met the considerably higher bar for sanctions under . . . the Court's inherent authority."  EON Corp. IP Holdings LLC v. Cisco Sys. Inc, No. 12-CV-01011-JST, 2014 WL 3726170, at *6 (N.D. Cal. July 25, 2014).  As a result, the Court denies Defendants' motion for attorneys' fees in its entirety.

IT IS SO ORDERED.

Dated:  September 14, 2016

_____
JON S. TIGAR
United States District Judge

---

complaint without prejudice renders a defendant a "prevailing party," that case is clearly no longer good law given that the principle case upon which it relied, Corcoran v. Columbia Broad. Sys., 121 F.2d 575, 575 (9th Cir. 1941), was explicitly overruled by Cadkin v. Loose, 569 F.3d 1142, 1149 (9th Cir. 2009) ("We conclude *Corcoran* is clearly irreconcilable with *Buckhannon* and no longer good law.).

United States District Court
Northern District of California